THE GUARANTEE FRIENDLY FUND OF THE TEMPERANCE MUTUAL BENEFIT ASSOCIATION OF PENNSYLVANIA, d. b. *vs.* IDA HENDERSON, p. b.

*Justice of Peace—Certiorari—Cause of Action—Jurisdiction of Justice—Covenant.*

" Action of assumpsit on covenant,'' is not a sufficient statement of the cause of action to show that it was within the jurisdiction of the Justice. Convenant is a general term, and the record must set out specifically what the cause of action is, so as to bring it within the jurisdiction of the Justice of the Peace.

(*March 13, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Harry Emmons* for plaintiff in error.

*Robert Pennington* for defendant in error.

Superior Court, New Castle County, November Term, 1901.

CERTIORARI (No. 4, February Term, 1900) to Lewis Sasse, a Justice of the Peace, in and for New Castle County.

The following exceptions to the record were filed in behalf of the defendant below :

*First.* That the record does not state or show the cause of action upon which the suit was brought.

*Second.* That the record does not show that the cause of action was within the jurisdiction of a Justice of the Peace.

*Third.* The only cause of action set forth in the record is in these words, to wit : " Action of assumpsit on convenant," which is not a sufficient statement of the cause of action.

*Young vs. Robinson, 3 Houst., 46.*

*Pennington,* for defendant, contended that this was a case of indebitatus assumpsit, the action being based upon an insurance policy, a contract under seal, and that the word " covenant " was used in its technical sense; that it signified a contract express or implied, and that therefore the Justice had jurisdiction.

*Bayard vs. McLane, 3 Harr., 139 ; Green's Admr. vs. Pennel, 4 Houst., 542 ; Smith vs. Early, 3 Harr., 5 ; Dickinson vs. Horn, 3 Harr., 497; Colesbury vs. Stoopes, 1 Harr., 448.*

LORE, C. J.:—One of the exceptions in this case is that the cause of action set out by the Justice of the Peace does not show that it was within the jurisdiction of the Justice, the only statement being " action of assumpsit on covenant." While in the case of *Colesberry vs. Stoopes, 1 Harr., 448,* the Court held that covenant would lie before a Justice of the Peace in some cases, yet in that case a distinct cause of action was set out, showing that it was within the jurisdiction of the Justice of the Peace. In the case now before the Court, however, there is nothing but the word covenant, and we think it is not a sufficient statement to show that it was within the jurisdiction of the Justice. Covenant is a general

term, and the record must set out specifically what the cause of action is, so as to bring it within the jurisdiction of a Justice of the Peace, as was done in the case cited above from *1 Harrington*.

For that reason let the judgment below be reversed.